The STATE OF MONTANA on relation of the STATE BOARD OF EQUALIZATION et al., Plaintiff and Respondent, *v.* W. F. KOCH, as County Assessor of the County of Yellowstone et al., Defendant and Appellant.

No. 10908.

Submitted October 18, 1965. Decided November 9, 1965.

407 P.2d 373.

William A. Douglas (argued), Helena, for appellant.

John L. Adams, Jr., Billings, Harold F. Hanser (argued), Billings, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a dismissal of the case by the District Court of the Thirteenth Judicial District, Yellowstone County, and is a sister case to State ex rel. State Board of Equalization v. Koch, 145 Mont. 474, 401 P.2d 765, decided May 12, 1965.

Appellants, the State Board of Equalization, brought an action for a declaratory judgment against the County Assessor, County Clerk and Recorder, and the Board of County Commissioners of Yellowstone County, to determine whether direc-

tives sent the County Assessors and Commissioners in November of 1963 and June of 1964 should be followed. The directive required respondents to, among other things "use certain valuations on the grades of, and certain classes of, property, specifically non-irrigated farm land." Respondents filed a motion to dismiss the appellant's action. The motion was granted, thus forming the foundation for this appeal.

The only question presented to this Court is whether the appellant State Board has the power to issue such directives.

The very same question, based on the same set of facts and coming from the same county was decided in the affirmative in the case of State ex rel. State Board of Equalization v. Koch, supra. It seems, therefore, somewhat redundant to review the same facts and law as was presented there. It is sufficient to say that the decisions and statutory authority cited in the Koch case, supra, coupled with the review of the constitutional authority given in the case of State ex rel. State Board of Equalization v. Kovich, 142 Mont. 201, 383 P.2d 818, are enough to make it obvious the State Board of Equalization has the power and authority to issue such directives.

Judgment reversed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.